*Wales* and *Rogers* for plaintiffs.
*Hamilton* and *Read, Jr.* for defendant.

---

## TATLOW *vs.* JAQUETT.

One may justify the repetition of slanderous words if he merely repeats what he has heard, and gives his author at the time.
If other slanders be proved to show malice the deft. may justify without pleading, as to them.
Deft. cannot plead the general issue and also matter amounting to the general issue.

CAPIAS case.
This was an action of slander. The declaration charged the speaking these words concerning the plff.: "He (innuendo Tatlow) stole wheat from his (Jaquett's) barn; and he (Tatlow) stole plank from the Wilmington Bridge to mend his (Tatlow's) barn floor; and he (Jaquett) could prove it; and he (Jaquett) could prove more than that," in the presence and hearing of Lewis Ashton, Robert M'-Farlane and others. Second. And these words, in the presence and hearing of John Wiley and others: "He (Tatlow) had stolen four bushels of wheat and also plank to lay or mend a floor in a barn or stable; and that he (Tatlow) had stolen a calf." Third. In the presence and hearing of T. M. Pennington and others: "He (Tatlow) stole wheat from Thomas Stewart's house, and gave him (T. S.) fifty cents not to say any thing about it." The deft. pleaded; first, not guilty. Second. That before speaking and publishing the words the said Peter Jaquett had heard from and been told, by Adam Shivery and George Shivery, that the said Tatlow had stolen plank from the Wilmington Bridge; and had heard from and been told by the said Adam Shivery, that the said Tatlow had stolen wheat from his (Jaquett's) farm; and had heard, &c., from George Shivery that Tatlow

had stolen a calf of Thomas Jaquett; and that at the time of stating these words he gave the names of the persons of whom he had heard them. Third. That the declarations in relation to the wheat and calf, were made with an explanation of the circumstances that showed the deft. meant merely to charge the plff. with a trespass. Issue on the plea of not guilty. Replication generally and issue on the second plea; and demurrer to the third plea for these causes: first, that the deft. has therein pleaded matter of evidence; second, that the plea amounts to the general issue; third, that it is a plea of justification without admitting the words laid in the narr; fourth, it sets forth the alledged effect of the words spoken and not the words themselves.

The plff. proved the slanderous words laid in the declaration; and also, by way of showing malice, that the deft. had said of plff. "that he had found a bolt of cloth along the road and secreted it, which was as good as stealing."

The deft. proved by the Messrs. Shivery, that they had communicated to him the several charges laid in the narr; and also that they had told him about the cloth, and were about to detail the circumstances in relation to the cloth; when plff.'s counsel objected to the testimony.

*Bayard.* There is nothing in the declaration about this cloth, and it is not now proved as a distinct ground of damage, but only to show the malice with which the deft. was actuated in slandering the plff. The deft. cannot justify in relation to this matter by proving that he heard it but only by proof of the truth of the words.

*The Court.* The matter in relation to the cloth does not amount to a charge of larceny. The witness proves the charge to have been that Tatlow found the goods along the road and secreted them. The proof on this subject comes on the deft. by surprise. Not being laid in the declaration he had no opportunity of justifying, nor of pleading that he merely repeated words spoken by another; and, as they are now given in evidence to aggravate the damages by showing malice, the deft. may rebut the imputation of malice by proof either of the truth of the words or of the innocent manner of his speaking them, as that he repeated what he heard from another, and gave his authority.

Where a man hears a slander he may repeat it if he does so in the same words and gives his author at the time. 2 *Stark.* 879, 875. This is the settled rule of law whether reasonable or not, and we do not here pretend to defend its reasonableness; but it is for the jury to say whether Jaquett gave the Shiverys as his authors on all occasions when he repeated and gave circulation to the slanderous charges laid in the declaration; and whether he confined himself on all such occasions precisely to what he had heard from them. It is not enough that others told facts or circumstances to Jaquett from which he might infer larceny; he must prove that another told him the same thing which he has repeated. It is not now denied that the words were spoken; and, if the plea of justification has failed, as in our opinion it has, the plaintiff is entitled to recover. If he has really been injured in his reputation or character by these slanders; or the deft. circulated them maliciously and wantonly, for the purpose of

so injuring him, the jury are at liberty to give exemplary damages for the sake of public example and warning to others.

The plff. had a verdict for $670.

*Bayard, Rogers* and *Read, junior,* for plaintiff.
*Wales* and *Booth* for defendant.

On the demurrer to third plea—

*Booth* said, the question is not whether the matter in this plea might not have been given in evidence under the general issue; but whether it may not be pleaded specially. And he cited *Gould.* 328. 1 *Saund.* 131, n; 1 *Chitty Pl.* 488; 4 *Coke* 14, 12.

*Bayard.* The party here has pleaded the general issue: he cannot *also* plead it specially. There are cases where a man may plead a matter specially, *or* give it in evidence under the general issue, but he can never do both. In all cases of justification the party must justify the words and not the *effect* of the words. 7 *Cowen,* 38. 11 *Johns. Rep.*; 10 *Johns Rep.* 291.

The court sustained the demurrer.